**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BRADLEY RITSCHEL<br><br>                    Plaintiff,<br><br>v.<br><br>CAPITAL ONE FINANCIAL CORPORATION<br><br>                    Defendant. | Case No.:24-CV-5726<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Plaintiff Bradley Ritschel ("Plaintiff"), by and through his attorneys, Danny Grace PLLC, as and for his Complaint in this action against Capital One Financial Corporation alleges upon personal knowledge and upon information and belief as to the matters as follows:

**NATURE OF THE CLAIMS**

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332 as this action involves diversity jurisdiction and an amount in excess of $75,000.00.

3. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. §1367(a).

4. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201, 2202.

5. Venue is proper in the United States District Court, Southern District of New York, pursuant to 28 U.S.C. § 1391, because Defendant maintains an office in this district, and Defendant regularly transacts business in the State of New York and the Southern District of New York.

1

**PARTIES**

6. Plaintiff Bradley Ritschel resides in, and is a citizen of, Whippany, New Jersey.

7. Plaintiff is a former employee of Defendant.

8. Plaintiff began his employment with Defendant on August 17, 2020, and was terminated by Defendant on October 1, 2023.

9. At all relevant times, Plaintiff met the definition of an "employee" under all applicable statutes.

10. Defendant Capital One Financial Corporation ("Capital One" or "the Company") is a bank providing financial services with its headquarters in McLean, Virginia.

11. Defendant regularly transacts business in the State of New York and maintains an office at 11 W 19th St, New York, NY 10011.

12. At all relevant times, Defendant was Plaintiff's direct employer. At all relevant times, Defendant met the definition of an "employer" under all applicable statutes.

**FACTS**

13. Plaintiff began his employment with Defendants on August 17, 2020, working as an Associate Software Engineer.

14. Plaintiff's annual salary at the time of his termination was $116,000.00.

15. On July 24, 2023, Plaintiff received an email from Capital One entitled "notification materials," informing him that his employment would be terminated on October 1, 2023.

16. Buried within the 24-page document attached to the email was a single paragraph alluding to a severance agreement.

17. Plaintiff was never otherwise informed of the need to sign and return a severance

agreement.

18. A document attached to the email indicated that he would receive a lump sum severance payment of twenty weeks of his base pay, or $44,615.38, within sixty days of his termination date.

19. Also on July 24, 2023, Plaintiff's supervisor fully relieved him of his duties and told Plaintiff that he no longer needed to log on or check his office email.

20. Further, the July 23, 2023 "notification" email did not advise Plaintiff to be on the lookout for future emails.

21. On September 27, 2023, Plaintiff spoke with a representative of Defendant's human resources department ("HR"), the purpose of which was to ensure that Defendant had everything they needed to pay out Plaintiff's remaining salary and benefits. The representative never mentioned a severance agreement and told Plaintiff that Defendant had everything they needed from him.

22. On November 30, 2023, Plaintiff called the HR department to inform them he had not yet received his severance payment.

23. Plaintiff learned that the severance agreement that was supposed to be emailed to him for signature and returned to the Company within two weeks of his termination date, was never received, as it had been mailed to an incorrect email address: ampbrad13@utdallas.edu.

24. Not only did Plaintiff not provide Capital One with this email address, the address does not even exist.

25. Plaintiff emailed severanceadministration@capitalone.com to explain the situation and to ask that the agreement be sent to him at the correct email address to sign.

26. Capital One's Principal HR Director replied that it was too late and that the

3

Company would not send him the agreement.

27. On December 1, 2023, Plaintiff filed an appeal of the denial of his severance to severanceclaimsandappeals@capitalone.com. Their terms state that they have sixty days to respond or notify the appellant should they require an extension of time to ninety total days for review.

28. On March 4, 2024, Plaintiff emailed the Company for an update as ninety days had passed and he had not received any communication from the Company.

29. He did not receive a response to his email.

30. On March 6, 2024, Plaintiff again emailed the Company requesting an update.

31. Again, Plaintiff did not receive a response.

32. On March 7, 2024, Plaintiff emailed the Company a third time.

33. Finally, he received a response that his claim had been denied.

34. Plaintiff then filed an appeal of the denial of his prior appeal to the Company's Severance Appeal Committee.

35. On June 10, 2024, Plaintiff's second appeal was denied.

36. This Complaint ensues.

## FIRST CAUSE OF ACTION
### (Withholding of Wages in Violation of NYLL)

37. Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

38. Failure to pay wages is unlawful under the New York Labor Law.

39. The twenty weeks of salary owed to Plaintiff constitutes wages under the New York Labor Law.

40. Specifically, Defendants failed to pay Plaintiff severance per the severance

agreement.

41. As a direct and proximate result of the Company's unlawful conduct in violation of NYLL, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to, loss of past and future income, compensation, and benefits, for which he is entitled to an award of monetary damages, liquidated damages, and attorney's fees.

## SECOND CAUSE OF ACTION
### (Promissory Estoppel)

42. Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

43. Defendant made a clear and unambiguous promise to pay Plaintiff a severance in an amount equal to twenty weeks of his salary.

44. Plaintiff suffered significant detriment as a result of his reliance on Defendant's promise, as he did not receive the promised severance.

45. Injustice would result if Defendant's promise of compensation is not enforced.

46. By reason of said injustice, Plaintiff is entitled to damages in an amount to be proven at trial, plus pre-judgment interest, damages, costs, and attorney's fees.

## THIRD CAUSE OF ACTION
### (Unjust Enrichment)

47. Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

48. Plaintiff conferred a benefit on Defendant by accepting the conditions of his termination as the result of Defendant's reduction in force.

49. Defendant accepted this benefit in exchange for Plaintiff leaving his employment with Defendant under the terms set by Defendant.

50. As consideration for Plaintiff's acceptance of the proffered terms, Plaintiff was

to receive a severance equal to twenty weeks of his salary.

51. Defendant failed to pay Plaintiff his promised severance upon his leaving the company.

52. As a result, Defendant was unjustly enriched to the detriment of Plaintiff.

53. It is against equity and good conscience to permit Defendant to retain the benefit of Plaintiff's services without just compensation in an amount to be proven at trial, plus pre-judgment interest, monetary damages, costs, and attorney's fees.

## **PRAYER FOR RELIEF**

**WHEREFORE**, it is respectfully requested that this Court grant judgment to Plaintiff and against Defendant as follows:

A. A declaratory judgement that the actions, conduct, and practices of Defendants complained of herein violate the laws of the State of New York.

B. An injunction and order permanently restraining Defendants from engaging in such unlawful conduct;

C. Damages in an amount to be proved at trial, together with interest;

D. For costs of suit, disbursements and statutory attorney's fees incurred herein;

E. For an award of statutory liquidated damages;

F. For an award of compensatory damages;

G. For an award of punitive damages; and

H. For such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable

Dated: July 29, 2024

New York, New York

                        DANNY GRACE PLLC

                        By: DANIEL GRACE, ESQ.
                        DOUGLAS MACE, ESQ.
                        Attorney for the Plaintiff
                        225 Broadway, Suite 1200
                        New York, New York 10007
                        Tel: 212.202.2485